Citation Nr: 1706045 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 10-26 192 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to an increased evaluation for service-connected status post total right hip arthroplasty, currently evaluated as 30 percent disabling. 


REPRESENTATION

Veteran represented by: Virginia Department of Veterans Affairs 


ATTORNEY FOR THE BOARD

E. Kunju, Associate Counsel


INTRODUCTION

The Veteran served honorably in U.S. Army from July 1982 to January 2004. This case comes to the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision by the Department of Veterans' Affairs (VA) Regional Office (RO) in Huntington, West Virginia. The claim has since been transferred to the Roanoke, Virginia RO.

In March 2009 rating decision, the RO granted a temporary evaluation of 100 percent for the one year following the implantation of a right hip prosthesis effective from September 30, 2008 to October 31, 2009, and assigned a 30 percent evaluation thereafter. The appellant expressed disagreement with the evaluation assigned. As 100 percent is the maximum scheduler evaluation however, only an evaluation in excess of 30 percent is considered, on and after November 1, 2009.

The Board remanded this claim in September 2015 and April 2016 for additional development. The case has now been returned to the board for appellate consideration.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system and Virtual VA. The Board has reviewed all relevant documents in VBMS and the Virtual VA electronic record. Virtual VA contains documents that are irrelevant to the issue on appeal or are duplicative of what is in the claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, remand is required to secure an adequate VA examination and opinion. Where VA provides the veteran with an examination in a service connection claim, the examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). A central issue in determining the probative value of an examination is whether the examiner was informed of the relevant facts in rendering a medical opinion. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008). Generally, a medical opinion should address the appropriate theories of entitlement. Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007). A medical opinion must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions. Stefl, 21 Vet. App. at 124. With regard to examinations pertaining to joint disabilities, "[t]he joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint." Correia v. McDonald, 28 Vet. App. 158 (2016). 

In July 2010 the Veteran was afforded a VA examination. At the time of examination, the Veteran reported flare-ups of symptoms such as pain, stiffness, weakness, swelling, giving way, tenderness, and pain in the right hip occurring once per week and lasting up to five days. In September 2015, the Board remanded the Veteran's claim to obtain a recent VA examination and treatment records although it found the prior examination adequate. 

The Veteran underwent a VA examination in November 2015. The examiner remarked that an opinion regarding to what extent reported flare-ups could significantly limit functional ability could not be provided without resorting to mere speculation. The Board in its April 2016 remand found the VA examination as inadequate for failing to provide an explanation supporting the opinion regarding flare-ups. 

Upon remand, the Veteran was afforded a VA examination in July 2016. The Veteran gave a history of stiffness after prolonged sitting and "not much pain" per self-report. The Veteran reported flare-ups as very mild pain with stiffness/tightness and functional loss of limitations of running, sitting more than 2 hours, walking 3 to 4 miles, and biking more than 10 miles. Initial range of motion for the right hip was abnormal, however the examiner noted it did not contribute to a functional loss, and no pain was noted on examination. The examiner noted no evidence of pain with weight bearing and no objective evidence of localized tenderness or pain on palpitation of the joint. The examiner noted abnormal initial range of motion for the left hip, with pain noted upon extension. However, it did not cause functional loss. There was no reduction in muscle strength, no muscle atrophy, and no ankyloses in either hip. The examiner remarked that the Veteran is able to work out vigorously and often without flare of hip discomfort. 

Unfortunately, in light of Correia, the July 2016 VA examination report is inadequate. The examination report did not show range of motion findings in active and passive motion, and in weight-bearing and non-weightbearing. The record does not otherwise contain sufficient information in the absence of those findings to allow the Board to make an informed adjudication, thus remand for a new examination is required.


Accordingly, the case is REMANDED for the following action:

1. Contact the appropriate VA Medical Center(s) and obtain and associate with the claims file all outstanding records of treatment. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must be clearly documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his representative.

2. Contact the Veteran and afford him the opportunity to identify by name, address and dates of treatment or examination any relevant medical records. Subsequently, and after securing the proper authorizations where necessary, make arrangements to obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his representative.

3. After associating any additional records with the claims file, provide the Veteran with an appropriate examination to determine the severity of the service-connected right hip arthroplasty. The entire claims file must be made available to and be reviewed by the examiner. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. An explanation for all opinions expressed must be provided. The examiner must utilize the appropriate DBQ. 

The examination report must include all findings necessary to rate the disability, including range of motion measurements for painful joints on both active and passive motion, and in weightbearing and non-weightbearing. The examination must also contain findings regarding the left hip. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. 
 
4. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2016). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

5. Ensure compliance with the directives of this remand. If a report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

6. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated. If the claims remain denied, a supplemental statement of the case must be provided to the Veteran. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.


The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).